# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | :: | |
| | :: | **CRIMINAL CASE NO.** |
| v. | :: | **1:17-cr-120-SCJ-RGV** |
| | :: | |
| **DANTE ANTOINE ROSSER,** | :: | |
| Defendant. | :: | [Magistrate Judge Baverman] |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter initially came before the Court on a criminal complaint on March 2, 2017, charging Defendant Dante Antoine Rosser with threatening to assault or murder a U.S. official with intent to impede, intimidate, or interfere with such offical while engaged in the performance of official duties, in violation of 18 U.S.C. § 115(B). [Doc. 1]. Following Rosser's initial appearance before the undersigned, he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241 *et seq.*, for a determination of his mental competency. [Docs. 15, 16]. The matter is now before the Court on the Forensic Report from the Federal Medical Center at Lexington, Kentucky, (Court Ex. 1 (under seal)), and following a hearing, the undersigned **RECOMMENDS** that Rosser be found competent in that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

AO 72A
(Rev.8/82)

*Background*

Defendant Rosser is charged in an indictment with threatening to assault and murder a federal official, within the meaning of 18 U.S.C. § 1114, to wit, a U.S. Congressional employee, A.W., with intent to impede, intimidate and interfere with A.W., while A.W. was engaged in and on account of the performance of A.W.'s official duties and with intent to retaliate against A.W., all in violation of 18 U.S.C. § 115(a)(l)(B).  [Doc. 17].  Rosser appeared initially before the undersigned magistrate judge on a criminal complaint, [Doc. 1], and based on the results of an evaluation performed by Defendant's expert, the Court committed Rosser to the custody of the Attorney General for placement in a suitable facility for a reasonable period, not to exceed thirty days, and that during such commitment Defendant receive a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist, who shall then prepare and file with the Court a report pursuant to 18 U.S.C. § 4247(c) on whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  [Doc. 16].  After the Court granted the Warden at FMC Lexington an extension of time to complete the examination and prepare a report, on June 15, 2017,

2

Allyson Wood, Psy.D., Forensic Psychologist, submitted a report to the undersigned and counsel for the parties. Court Ex. 1 (under seal).

*Facts*

At the competency hearing this date, Dr. Wood's report was entered into evidence. Court. Ex. 1 (under seal). No other evidence was admitted.

Rosser was evaluated from April 13, 2017 through May 29, 2017. Ex. 1. He was observed each day by staff and actively participated in testing and clinical interviews. Upon his arrival at the facility, he did not appear to exhibit any signs or symptoms of acute psychological distress, and he reported none. Rosser demonstrated no difficulty comprehending unit rules or complying with routine demands of the facility. He was not observed to have any problems understanding or following directions provided by staff. Rosser successfully completed activities of daily living on the unit, attended all appointments with the evaluator in a timely manner, and actively participated in the evaluation process. *Id.* at 3.

His phone calls were monitored and he was overheard having conversations with his children in an appropriate, logical, and rational manner. *Id.* He was not found to have any noteworthy medical conditions and he was not prescribed any psychiatric medications. *Id.* at 3.

The evaluator noted that he was oriented to person, place, time, and situation. Rosser exhibited a normal mood and expressions of emotion consistent with that mood, did not appear anxious or nervous, demonstrated good eye contact, and was able to focus and concentrate for periods of one to two hours, during clinical interviews and testing with the examiner. He displayed no disorganization or confusion, did not appear paranoid nor did he appear to respond to internal stimuli. His speech and thought processes were organized and goal-directed. His thought content was described as rational and logical, with no apparent signs of delusional thinking. There was no observed indication, or report, of suicidal or homicidal thoughts during the evaluation. *Id.* at 4.

Dr. Wood noted that in cognitive and intellectual functioning, he tested in Borderline intellectual functioning range, his verbal comprehension was in the Average range, reasoning and working memory in the Low Average range, and processing speed in the Extremely Low range. [*Id.* at 4-5]. Dr. Wood noted that in assessing Rosser's personality, the clinical scales may be an underestimate of his present symptoms. [*Id.* at 5]. While Dr. Wood opined that Rosser did not meet the criterial at present for a major mental health disorder, when discussing his mental health history, he presented as vague, evasive, and minimized information. [*Id.* at 5-6].

Dr. Wood next reported that Rosser's responses to competency and court-related questions suggested that he has adequate knowledge and understanding of legal procedures, in that he demonstrated an understanding of basic legal concepts and the nature of legal proceedings and an ability to apply this knowledge to the facts of his own case; he was able to retain information from one session to the next; he shared his prior experiences in court and with counsel; he engaged productively and meaningfully in discussions of his case; and spoke of his case in a logical and rational manner. [*Id.* at 6]. He was aware of the potential penalties and denied any difficulty with understanding legal concepts or procedures that have been presented in his case. [*Id.*].

Further, Rosser expressed accurately his role in the case and those of the other participants, as well as an understanding of various pleas, courtroom procedures, and appropriate courtroom behavior. [*Id.*]. He correctly identified his lawyer and her role in the case, and described a good working relationship with her. [*Id.* at 7]. He believed that he was competent to stand trial. [*Id.*].

Dr. Wood opined that Rosser's mood and mental condition remained stable and well-controlled throughout the evaluation. He was able to exhibit and demonstrate sufficient knowledge and understanding of the charges against him. Further, he demonstrated adequate present ability to consult with his attorney regarding the charges

5

against him. Therefore, based on the available information, it was Dr. Wood's opinion that Rosser is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense, and thus, is currently competent to stand trial. [*Id.*].

### *Conclusions of Law*

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). An individual is considered competent to assist in his proceedings when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings against him. *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003); *see also Dusky v. United States*, 362 U.S. 402 (1960); 18 U.S.C. § 4241(a), (d), (e) (noting that a court must find a defendant incompetent when a preponderance of the evidence shows that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). The following

6

factors are relevant in assessing competency: "a defendant's past medical history, the opinion of psychiatric experts, and the defendant's behavior during trial." *Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. Unit A, June 16, 1981).[1] The government bears the burden of proving that a defendant is competent to proceed. *United States v. Izquierdo*, 448 F.3d 1269, 1277 & n.7 (11th Cir. 2006) (citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)).

The Court concludes that the defendant is competent to proceed.

First, the Court notes that the defendant behaved appropriately during the competency hearing. He did not engage in any disturbing, obstructive, or distracting behavior in the courtroom. He appeared to be aware of the proceedings and was alert. His interaction with counsel was appropriate.[2]

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), [the Eleventh Circuit] adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to October 1, 1981." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1290 n.1 (11th Cir. 2007).

[2] Following the competency hearing, the Court made oral conclusions as to his competency and then arraigned Rosser on the indictment. Rosser's conduct and reactions during the arraignment corroborate the Court's conclusion in the text that Rosser is competent. He clearly and accurately answered the AUSA's questions when she authenticated the signatures on the Plea With Counsel form, responded to the Court's limited inquiry as to whether he waived formal reading of the indictment (by speaking to his lawyer), and engaged in appropriate and private conversations with his defense lawyer.

AO 72A
(Rev.8/82)

Second, the psychiatric opinion of Allyson N. Wood, Psy.D, Forensic Psychologist at Lexington, after going over Rosser's medical and psychiatric histories and his course of evaluation and treatment at the facility both historically and more recently, indicates that Defendant is competent to proceed in that he understands the nature and consequences of the proceedings against him and is able to assist properly in his defense.

Third, the medical history before the Court demonstrates that Defendant's mental condition has improved since he there was an initial report that at a minimum questioned his mental competence.

As discussed above, three factors - - the defendant's demeanor during the competency hearing, the medical opinion, and the defendant's medical history - - indicate that Defendant is competent to proceed and is able to assist properly in his defense.

"A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent." *Maxwell v. Roe*, 113 Fed. Appx. 213, 215 (9th Cir. Oct. 22, 2004). Courts have "acknowledged the dramatic changes that can take place in a defendant's mental state in even a short period of time." *Id.* at 216. As a result, it is unreasonable for a court to rely on a stale competency determination when

8

there is new evidence of incompetency. *Id.* (citing *deKaplany v. Enomoto*, 540 F.2d 975, 980-81 (9th Cir. 1976) (*en banc*)); *cf. Sanchez-Velasco v. Sec'y of Dep't of Corrs.*, 287 F.3d 1015, 1030 (11th Cir. 2002) (holding that state court's competency determination was presumptively correct where there was no evidence that inmate's mental condition had changed since the competency determination). The report and evidence that the Court relies upon in this R&R is timely.

Based on the foregoing discussion, the Court concludes that Defendant is presently competent to proceed because he has the ability to consult with his attorney with a reasonable degree of understanding and he has a rational and factual understanding of the nature and the consequences of the proceedings being brought against him. *Cf. United States v. Caraza*, 843 F.2d 432, 437 (11th Cir. 1988) (finding no error in court's competency determination where testimony revealed that the defendant's schizophrenia condition improved while on medication and the defendant cooperated with the defense expert); *United States v. Frazier*, 255 F. Supp. 2d 27, 31-32 (D. Conn. 2001) (finding the defendant to be incompetent where evidence indicated that the defendant operated at a cognitive ability just above mild retardation and exhibited signs of psychotic illness).

Accordingly, the undersigned **CONCLUDES** that Defendant **IS COMPETENT**

9

**TO PROCEED**.  The Court **RECOMMENDS** that the District Court find by a preponderance of the evidence for the reasons contained in the uncontradicted evidence, that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d).

**IT IS SO RECOMMENDED**, this the 11th day of July, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)